## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| RONALD RAY TODD, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CAROLYN W. COLVIN, )<br>Acting Commissioner of Social Security, )<br>)<br>Defendant. )<br>_____ ) | CIVIL ACTION<br><br>No. 15-1298-JWL |

### MEMORANDUM AND ORDER

This matter is before the court on Plaintiff's "Motion to Appoint Counsel" (Doc. 4), filed contemporaneously with his complaint in this case. In his complaint, Plaintiff appears to seek judicial review pursuant to 42 U.S.C. § 405(g) of a decision of the Commissioner of the Social Security Administration denying benefits. (Doc. 1). Plaintiff also filed a "Motion for Leave to Proceed In Forma Pauperis." (Doc. 3).

Unlike a criminal case, a party in a civil case has no constitutional right to appointment of counsel. Durre v. Dempsey, 869 F.2d 543, 547 (10th Cir. 1989). Pursuant to 28 U.S.C. § 1915(e), the court may in its discretion appoint counsel in a civil action to represent a person proceeding in forma pauperis who is unable to afford counsel. See Miller v. Glanz, 948 F.2d 1562, 1572 (10th Cir. 1991); 28 U.S.C. § 1915(e) ("The

court may request an attorney to represent any person unable to afford counsel."); see also

Ekis v. Comm'r of Soc. Sec., Civ. A. No. 96-2418-JWL, 1996 WL 633850 (D. Kan. Oct.

28, 1996) (applying 28 U.S.C. § 1915(e) in a Social Security case).

     In determining whether to appoint counsel, the district court should give careful

consideration to all the circumstances, including whether the plaintiff has a colorable

claim.  Hill v. SmithKline Beecham Corp., 393 F.3d 1111, 1115 (10th Cir. 2004); Rucks

v. Boergermann, 57 F.3d 978, 979 (10th Cir. 1995).  As the court in Hill noted, " 'The

burden is on the applicant to convince the court that there is sufficient merit to his claim

to warrant the appointment of counsel.'  McCarthy v. Weinberg, 753 F.2d 836, 838 (10th

Cir. 1985).  'Only in those extreme cases where the lack of counsel results in fundamental

unfairness will the district court's decision be overturned.'  Id. at 839" (a prisoner with

multiple sclerosis, diminished eyesight, hearing, and ability to communicate who attended

court in a wheelchair and needed to present complex medical issues requiring expert

opinion should have been appointed counsel).

     If the court finds that the plaintiff has a colorable claim, the court should "consider

the nature of the factual issues raised in the claims and ability of the plaintiff to

investigate the crucial facts."  Rucks, 57 F.3d at 979.  The court should consider the

following factors:  (1) the merits of the litigant's claims, (2) the nature of the factual

issues raised in the claims, (3) the litigant's ability to present his claims, and (4) the

complexity of the legal issues raised by the claims.  Id.; Hill, 393 F.3d at 1115; Long v.

Shillinger, 927 F.2d 525, 527 (10th Cir. 1991).  The court will also consider whether the

plaintiff has made a diligent attempt to secure counsel through his own efforts.  Castner v. Colo. Springs Cablevision, 979 F.2d 1417, 1420 (10th Cir. 1992) (applying the rule in a Title VII case pursuant to 42 U.S.C. § 2000e-5(f)(1)).

Since this case is a review of the Commissioner's decision on Plaintiff's application for benefits pursuant to the Social Security Act, the court is unable to determine whether Plaintiff's claim is colorable, and unable to consider the factors enumerated above until the Commissioner answers the complaint and files the administrative record herein.

Therefore, Plaintiff's motion is denied at this time without prejudice to refile if plaintiff continues to desire counsel, after the Commissioner files her answer along with the administrative record pursuant to D. Kan. Rule 83.7.1.

The court is aware that most attorneys who practice Social Security appeals before this court do not charge a fee for services rendered in a Social Security case unless the appeal is successful and benefits are ultimately awarded.  In such a case, attorney fees are limited by the Social Security Act to twenty-five percent of past-due benefits.  Therefore, it is possible plaintiff may, and the court encourages Plaintiff to, secure the services of an attorney even after filing his complaint pro se.  Moreover, Plaintiff reports that he has sought representation from only three law firms, one of which is located in Colorado Springs, Colorado.  (Doc. 4).  That is not such a diligent search as the court would expect. Therefore, the court would advise Plaintiff to continue to seek representation in the interim before the Commissioner files her answer along with the administrative record.

To that intent, the court has asked the Clerk to include a list of attorneys who practice before this court in Social Security cases.  Plaintiff should use that list to aid him in his search for representation.

**IT IS THEREFORE ORDERED that** Plaintiff's Motion to Appoint Counsel (Doc. 4) is denied without prejudice to refile after the Commissioner files her answer along with the administrative record in this case.

Dated October 2, 2015 in Kansas City, Kansas.


s:/ John W. Lungstrum
**John W. Lungstrum**
**United States District Judge**

–4–