## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| RONALD RAY TODD, | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) **CIVIL ACTION** |
| v. | ) |
| | ) **No. 15-1298-JWL** |
| | ) |
| CAROLYN W. COLVIN, | ) |
| **Acting Commissioner of Social Security,** | ) |
| | ) |
| **Defendant.** | ) |
| _____ | ) |

## MEMORANDUM AND ORDER

Plaintiff, appearing pro se,[1] seeks review of a decision of the Acting Commissioner of Social Security (hereinafter Commissioner) denying Disability Insurance benefits (DIB) under sections 216(i) and 223 of the Social Security Act. 42 U.S.C. §§ 416(i) and 423 (hereinafter the Act). Finding no error in the Administrative Law Judge's (ALJ) decision, the court ORDERS that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) AFFIRMING that decision.

## I.      Background

---

[1]Because he appears pro se, the court construes Plaintiff's pleadings and briefs liberally. Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Travis v. Park City Mun. Corp., 565 F.3d 1252, 1254 (10th Cir. 2009). But, the court will not assume the role of advocate for him. Garrett v. Selby Conner Maddux & Janer, 425 F.3d 836, 840 (10th Cir. 2005).

Plaintiff applied for DIB, alleging disability beginning May 10, 2012. (R. 10, 108). Plaintiff exhausted proceedings before the Commissioner, and now seeks judicial review of the final decision denying benefits. Plaintiff argues that the Administrative Law Judge (ALJ) erred in according no weight to the medical opinion of Plaintiff's treating physician, Dr. Telatnik, and "some weight" to the third party witness statements.

The court's review is guided by the Act. Wall v. Astrue, 561 F.3d 1048, 1052 (10th Cir. 2009). Section 405(g) of the Act provides that in judicial review "[t]he findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). The court must determine whether the ALJ's factual findings are supported by substantial evidence in the record and whether she applied the correct legal standard. Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007); accord, White v. Barnhart, 287 F.3d 903, 905 (10th Cir. 2001). Substantial evidence is more than a scintilla, but it is less than a preponderance; it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971); see also, Wall, 561 F.3d at 1052; Gossett v. Bowen, 862 F.2d 802, 804 (10th Cir. 1988).

The court may "neither reweigh the evidence nor substitute [its] judgment for that of the agency." Bowman v. Astrue, 511 F.3d 1270, 1272 (10th Cir. 2008) (quoting Casias v. Sec'y of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991)); accord, Hackett v. Barnhart, 395 F.3d 1168, 1172 (10th Cir. 2005). Nonetheless, the determination whether substantial evidence supports the Commissioner's decision is not

simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it constitutes mere conclusion.  Gossett, 862 F.2d at 804-05; Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989).

The Commissioner uses the familiar five-step sequential process to evaluate a claim for disability.  20 C.F.R. § 404.1520; Wilson v. Astrue, 602 F.3d 1136, 1139 (10th Cir. 2010) (citing Williams v. Bowen, 844 F.2d 748, 750 (10th Cir. 1988)).  "If a determination can be made at any of the steps that a claimant is or is not disabled, evaluation under a subsequent step is not necessary."  Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084).  In the first three steps, the Commissioner determines whether claimant has engaged in substantial gainful activity since the alleged onset, whether he has a severe impairment(s), and whether the severity of his impairment(s) meets or equals the severity of any impairment in the Listing of Impairments (20 C.F.R., Pt. 404, Subpt. P, App. 1).  Williams, 844 F.2d at 750-51.  After evaluating step three, the Commissioner assesses claimant's residual functional capacity (RFC).  20 C.F.R. § 404.1520(e).  This assessment is used at both step four and step five of the sequential evaluation process.  Id.

The Commissioner next evaluates steps four and five of the sequential process-- determining at step four whether, in light of the RFC assessed, claimant can perform his past relevant work; and at step five whether, when also considering the vocational factors of age, education, and work experience, claimant is able to perform other work in the economy.  Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084).  In steps one through four the burden is on Plaintiff to prove a disability that prevents performance of

past relevant work.  Blea v. Barnhart, 466 F.3d 903, 907 (10th Cir. 2006); accord, Dikeman v. Halter, 245 F.3d 1182, 1184 (10th Cir. 2001); Williams, 844 F.2d at 751 n.2. At step five, the burden shifts to the Commissioner to show that there are jobs in the economy which are within the RFC assessed.  Id.; Haddock v. Apfel, 196 F.3d 1084, 1088 (10th Cir. 1999).

The court finds no error in the ALJ's decision.

## II.    Discussion

In his Brief, Plaintiff points to Dr. Telatnik's letter dated August 21, 2012 in which the physician stated that Plaintiff has had an illness for ten years for which no cause has been determined and which has become debilitating, and in which the physician opined that Plaintiff "is totally incapacitated from work with no improvement likely in the near future."  (R. 194).  Plaintiff provides a list of symptoms, findings, and conditions which are expressed in various manners in the medical records, and states that he "has been diagnosed with the following conditions."  (Pl. Br. 2).  He cites to third party statements in exhibits 10E, 12E, 13E, 14E, 15E, and 16E (R. 179-80, 182-89), and argues that these statements reveal "debilitating problems [that] would prevent [Mr. Todd] from being able to work and maintain substantial gainful employment at the time of the onset dated 05/10/2012."  Id. at 4.

Plaintiff argues that the state agency agrees with Dr. Telatnik and found that Plaintiff has impairments which cause more than minimal limitations in the ability to perform basic work activities, and are severe.  (Pl. Br. 4).  Plaintiff asserts that at some

point after he appealed his disability denial he was told he could work for ninety days and at the end of that period "he had a massive heart attack," applied for, and was awarded supplemental security disability income (SSDI) benefits. (Pl. Br. 5). He argues that all of this evidence "shows that [Mr. Todd] should have been granted disability and should NOT have been placed in a position to prove that he could NOT work to produce substantial income." Id. at 6.

The Commissioner argues that the ALJ properly considered all of the evidence before her, properly discounted Dr. Telatnik's opinion, and properly evaluated credibility, and that the record evidence supports the ALJ's decision. In a footnote to her Brief, the Commissioner points out that Plaintiff's argument is based, at least in part, on alleged facts and circumstances which are not reflected in the evidence in the administrative record before the Commissioner in this case. (Comm'r Br. 4, n.2). She argues that the court may not consider evidence other than that included in the administrative record of the proceedings before the Commissioner. Id. (citing Atteberry v. Finch, 424 F.2d 36, 39 (10th Cir. 1970); and 42 U.S.C. § 405(g)).

With regard to the ALJ's evaluation of Dr. Telatnik's opinion, the Commissioner points out that the determination of ability to work is a decision that is solely the province of the Commissioner, and a doctor's opinion regarding inability to work is a dispositive finding given no special significance. (Comm'r Br. 4-5). She argues that the ALJ provided sufficient reasons based on the evidence to accord no weight to Dr. Telatnik's opinion, and justifiably relied in part on the medical opinions of Dr. Beuther, another of

Plaintiff's treating physicians, and Dr. Canham, the state agency medical consultant.  Id. at 5-6.

The Commissioner also argues that the ALJ made a proper credibility determination regarding Plaintiff's allegations of symptoms resulting from his medically determinable impairments and properly considered the third-party statements in the record.  Id. at 8.  She points out that the ALJ accorded some weight to the third-party statements, and argues that she linked her findings to the record evidence.  Id. at 9.  She argues that even if the record evidence would support Plaintiff's view, it supports the ALJ's decision, and the court "may not displace the agency's choice between two fairly conflicting views," even if it would have decided differently if it had made the decision. Id. at 9 (quoting Lax, 489 F.3d at 1084; and citing Ellison v. Sullivan, 929 F.2d 534, 536 (10th Cir. 1990)).

## A.     Plaintiff's Assertion of a Subsequent Finding of Disability

The court's jurisdiction and its review of a decision of the Commissioner are guided and limited by the Act.  Weinberger v. Salfi, 422 U.S. 749, 763 (1975) (citing 42 U.S.C. § 405(g)).  42 U.S.C. § 405(g) is the sole basis for this court's jurisdiction in a Social Security case.  Brandtner v. Dep't of Health and Human Servs., 150 F.3d 1306, 1307 (10th Cir. 1998).  Section 405(g) of the Act provides for review of a final decision of the Commissioner, made after a hearing in which the Plaintiff was a party.  As the Commissioner argues, the court's consideration of evidence is limited to evidence before the Commissioner in this case as certified by the Commissioner.  Atteberry, 424 F.2d at

6

39 (citing 42 U.S.C. § 405(g); and Mann v. Gardner, 380 F.2d 182, 187 (5th Cir. 1967)). None of the evidence to which Plaintiff appeals regarding a 90-day work period, a massive heart attack, bypass surgery, the placement of stents, or the awarding of SSDI benefits appears in the certified transcript of the administrative record before the Commissioner in this case.

In accordance with the sixth sentence of 42 U.S.C. § 405(g), the court "may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding."  However, the court may not remand this case in accordance with sentence six of § 405(g) for at least two reasons.  First, Plaintiff has not asked for a sentence six remand and has not submitted new evidence to the court for consideration.  Moreover, Plaintiff's allegations regarding the new evidence reveal that it came into existence after he appealed the Commissioner's decision.  (Pl. Br. 5). ("[Mr. Todd] applied for disability and was denied.  He appealed the decision and was denied.  He appealed again and while waiting for the decision . . .").  Thus, the evidence relates to a time after the ALJ's decision, dated February 6, 2014.  The events relied upon occurred outside of the relevant period between the alleged date of onset and the date of the ALJ's decision.  This evidence is not chronologically relevant and it is therefore not material to the decision at issue here.

7

Therefore, the court will not consider that evidence because it is without jurisdiction to do so.  The remainder of this decision is based upon the court's review of the ALJ's decision in light of the administrative record certified by the Commissioner in this case.

## B.   Analysis

Plaintiff's list of alleged impairments does not require a finding of disability. What is required at step two of the sequential evaluation process in this regard is that a claimant must have a "medically determinable impairment."  20 C.F.R. § 404.1520(a)(4)(ii).  Such an "impairment must be established by medical evidence consisting of signs, symptoms, and laboratory findings, not only by [the claimant's] statement of symptoms."  Id. § 404.1508.  A claimant's "statements alone are not enough to establish that there is a physical or mental impairment."  Id. § 404.1528(a).   Plaintiff is correct, however, to note that the state agency--the Disability Determination Service (DDS)--found that he has impairments which cause more than minimal limitations in his ability to perform basic work activities and are therefore severe.  However, the ALJ also found that Plaintiff has impairments which "cause more than minimal limitations in the claimant's ability to perform basic work activities and are, therefore, severe."  (R. 12). Moreover, a finding at step two that a claimant has an impairment or combination of impairments that is severe does not equate to a finding of disability.  Rather, it is a finding which is necessary to continue the sequential evaluation process to step three and beyond, and potentially to find disability.  20 C.F.R. §§ 404.1520(a)(4)(ii) ("If you do not have a

severe medically determinable physical or mental impairment . . . we will find that you are not disabled."); 404.1520(c) ("<u>You must have a severe impairment.</u>").

As Plaintiff argues, Dr. Telatnik opined that Plaintiff "is totally incapacitated from work with no improvement likely in the near future." (R. 194). Clearly, such a medical opinion, if accepted, is sufficient to require a finding of disability. However, the ALJ determined that Dr. Telatnik's opinion is worthy of no weight. Therefore, the court must determine whether the ALJ applied the correct legal standard to weigh Dr. Telatnik's opinion and whether her factual findings are supported by the record evidence.

When a treating physician's opinion is not given controlling weight, the ALJ must nonetheless specify what lesser weight she assigned the treating physician's opinion. <u>Robinson v. Barnhart</u>, 366 F.3d 1078, 1083 (10th Cir. 2004). It is "still entitled to deference and must be weighed using all of the factors provided in 20 C.F.R. § 404.1527." <u>Watkins v. Barnhart</u>, 350 F.3d 1297, 1300 (10th Cir. 2003). Those factors are: (1) length of treatment relationship and frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion. <u>Id.</u> at 1301; 20 C.F.R. § 404.1527(c)(2-6); <u>see also</u> <u>Drapeau v. Massanari</u>, 255 F.3d 1211, 1213 (10th Cir. 2001) (citing <u>Goatcher v. Dep't of Health &</u>

Human Servs., 52 F.3d 288, 290 (10th Cir. 1995)).  However, the court will not insist on a factor-by-factor analysis so long as the "ALJ's decision [is] 'sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight.'" Oldham v. Astrue, 509 F.3d 1254, 1258 (10th Cir. 2007) (quoting Watkins, 350 F.3d at 1300).  After considering the regulatory factors, the ALJ must give good reasons in her decision for the weight she ultimately assigns the opinion.  If the ALJ rejects the opinion completely, she must give specific, legitimate reasons for doing so.  Watkins, 350 F.3d at 1301.

That is precisely what the ALJ did in this case, and the court finds no error in that regard.  The ALJ gave five reasons for giving no weight to Dr. Telatnik's opinion:

> The undersigned gives Dr. Telatnik's [sic] opinion no weight because [1] he assigns a debilitating condition to the claimant at a time when the claimant was working full time, i.e. 2011.  Also, Dr. Talatnick [sic] [2] was not able to diagnose any condition and [3] could not site to any clinical findings, lab tests, or pulmonary function tests to corroborate the claimant's condition.  Dr. Talatnik [sic] [4] did not provide any medical evidence for more recent visits.  Moreover, he [5] found the claimant was capable of only low stress jobs. (Exhibits 10F and 11F).  However, the claimant reported no problems handling stress. (Exhibit 5E).

(R. 16).  Each of the reasons given by the ALJ are supported by the record evidence, and Plaintiff does not argue otherwise.  While Dr. Telatnik's opinions are dated August 21, 2012 (R. 194) and January 15, 2014 (R. 287-93), in his most recent medical source statements, he provided his opinion that the limitations given existed in 2011.  (R. 290, 293).  Yet, as the ALJ noted, Plaintiff reported that he worked 8 hours a day, 5 days a week in 2011 and 2012.  (R. 143, 148).  These five reasons are specific, legitimate

reasons to accord no weight to Dr. Telatnik's opinion, they are supported by the record evidence, and the court finds no error.

The court finds the opinions expressed by Plaintiff's friends and family in third-party statements to be compelling in their tenor, sincerity, and concern.  (R. 179-80, 182-89).  When viewed in light of Plaintiff's allegations of a massive heart attack and the subsequent award of SSDI benefits, they provide at least a basis to suggest that Plaintiff's heart attack and disabling impairments relate back to the symptoms and impairments reflected in the record evidence in this case.  However, as explained above, this court is without jurisdiction to consider evidence which was not in the record before the Commissioner in this case, and it is without a basis to remand this case in accordance with the sixth sentence of 42 U.S.C. § 405(g).  And, it finds that the ALJ's evaluation of the third-party statements is supported by the record evidence, and is not erroneous.

The ALJ explained his evaluation of these statements:

> The claimant also submitted some third party statements from friends and family members.  These statements corroborated the claimant's work ethic and expressed concern with the claimant's symptoms of fatigue, pain, and difficulty breathing. (Exhibits 10E and 12E through 16E).

> The undersigned gives some weight to these statements because these witnesses have observed the claimant.  However, [1] they describe symptoms the claimant experienced two to three years prior to the AOD [(alleged onset date)] of disability.  The witnesses [2] do not explain what, if anything, occurred around the AOD, and [3] are vague as to the level of severity of the impairments.  Moreover, [4] none of these witnesses have any medical training.

(R. 17).  The court's review reveals that each reason given to discount the third-party statements (except one discussed below) is supported by the record evidence.

The reason numbered 4 above is erroneous only as it relates to the statement of Eleanore Phillips.  (R. 186).  Ms Phillips stated that she is "a retired Registered Nurse." Id.  But, even discounting reason 4, the other three reasons are sufficient to discount Ms. Phillips's opinion in the circumstances of this case.  The only opinion expressed by Ms. Phillips which might be considered a medical source opinion was that she "observed [Mr. Todd] walking with great difficulty," and "[h]e appeared to be suffering."  Id.  These opinions do not require a finding of disability in the face of the other record evidence. Otherwise, Ms. Phillips expressed her opinion regarding Plaintiff's honesty, integrity and work ethic, and she repeated the symptoms he reported to her.  The court finds no reversible error in the ALJ's evaluation of the third-party statements.

Perhaps this decision could be, or should be, reopened by the Commissioner to consider, in light of all of the evidence in all of the Commissioner's case records regarding Plaintiff, whether Plaintiff's alleged current disability relates back to the time before the date of the ALJ's decision.  20 C.F.R. §§ 404.987 et seq., 416.1487 et seq. However, that is a decision solely within the discretion of the Commissioner, and is not subject to this court's review save for constitutional grounds.  Califano v. Sanders, 430 U.S. 99, 108 (1977).  These questions are not before this court in the present case.

**IT IS THEREFORE ORDERED** that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) AFFIRMING the Commissioner's decision.

Dated this 3rd day of October 2016, at Kansas City, Kansas.


s:/ John W. Lungstrum
**John W. Lungstrum**
**United States District Judge**